**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN T. EGGLESTON, | No. 19-35145 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-05159-BHS |
| v. | |
| RON HAYNES, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 10, 2020[**]
Seattle, Washington

Before: CLIFTON, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Petitioner Brian T. Eggleston appeals the federal district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. Reviewing the district court's judgment de novo, *see Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004), we affirm.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), an application for a writ of habeas corpus may be granted only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Eggleston argues that the state trial court's exclusion of demonstrative video evidence violated his clearly established constitutional right to present a defense. We disagree. Because "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as . . . potential to mislead the jury," *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006), and because a "fairminded jurist" could conclude that the trial court did not abuse its discretion in applying such a rule here, *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), we hold that the exclusion did not violate Eggleston's clearly established right.

Eggleston sought to introduce the video—depicting deputies reenacting their movements during the shooting—to impeach the government's crime reconstructionist, who had used the video in forming his opinions of where Eggleston and the deputies were located during the shooting. The trial court excluded the video as misleading, noting, among other things, that it depicted one of the officers as a mere silhouette, which is not how he would have appeared in person during the shooting. Instead, the court admitted transcripts of the officers' statements in the video to challenge the government's theory of the case.

The Supreme Court has never held that excluding demonstrative video evidence of this kind violates the right to present a defense. Nor when we consider "(1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense," *Chia*, 360 F.3d at 1004, can we conclude that the exclusion was unreasonable. The trial court consciously balanced the evidence's probative value against its potential to mislead. The court concluded that the evidence's reliability and evaluative prospects for the trier of fact was in question because of its misleading depiction of the officer's appearance. The evidence was not the sole evidence on the issue of where the participants in the

3

shooting were standing: the transcripts of what the officers said on the video, their in-court testimony, and the physical evidence at the crime scene all went to this question. These other forms of evidence were, moreover, a part of the attempted defense. The trial judge's exclusion did not violate Eggleston's clearly established constitutional right to present a defense.

**AFFIRMED.**